IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL S. KYGAR,<br><br>            Plaintiff,<br><br>      v.<br><br>ONEWEST BANK, F.S.B., et al.,<br><br>            Defendants.<br>_____/ | No. C 11-00281 CRB<br><br>**ORDER DISMISSING CASE** |

Before the Court are two Motions to Dismiss, one filed by Defendant OneWest (dkt. 45) and the other by Defendant MTC (dkt. 48). Both Motions raise the issue of this Court's federal question jurisdiction, which is based on Plaintiff's RESPA claim.

Plaintiff's RESPA claim pertains to Defendant's alleged failure to respond to his qualified written requests ("QWRs") in compliance with section 2605 of RESPA. See FAC ¶¶ 103-104; 12 U.S.C. § 2605 et seq. The parties correctly reduced the question of the applicability of RESPA to the issue of whether Plaintiff's letters to OneWest constitute QWRs. When presented with a valid QWR, section 2605 requires a loan servicer to provide disclosures "relating to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A) The servicer may then be held liable for damages if it fails to do so. Id. at § 2605(f)(1). Under RESPA, the term "servicing" refers to "receiving any scheduled periodic payments from a borrower

pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." Id. at § 2605(i)(3).

Courts interpreting section 2605 have held that letters relating to the creation or modification of a loan do not relate to "servicing," and are therefore not QWRs. See Philips v. Bank of Am. Corp., 2010 U.S. Dist. LEXIS 35131, at *9-11 (N.D. Cal. April 9, 2010); Consumer Solutions REO, LLC. v. Hillery, 658 F. Supp.2d 1002, 1014 (N.D. Cal. 2009); see also MorEquity, Inc. v. Naeem, 118 F. Supp.2d 885, 901 (N.D. Ill. 2000).

Plaintiff argues that jurisdiction is proper, as the letters he wrote to Defendant OneWest dealt with the misapplication of payments – and therefore, the "servicing" of the loan. Opp'n 13. But under Plaintiff's theory of the case, any misapplication of payments was the direct result of an invalid modification agreement. See FAC ¶¶ 100-104. Indeed the gravamen of the Complaint is that the October 25, 2008 modification agreement should govern the servicing of the loan, not the March 11, 2009 modification agreement. Plaintiff's only argument that the payments were misapplied is that they were applied according to an invalid loan modification agreement; this goes to the validity of the underlying loan documents, not to whether the loan was serviced properly. Because the claim does not relate to the "servicing" of the loan, the letters are not QWRs.

Because Plaintiff's letters to OneWest are not QWRs, Plaintiff does not state a valid cause of action under RESPA. That cause of action is DISMISSED. With no federal question claim to "anchor" the case, the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367 with regard to Plaintiff's state law claims. Accordingly, the remaining state law claims are also DISMISSED, without prejudice to Plaintiff bringing them in state court.

**IT IS SO ORDERED.**

Dated: May 17, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE